IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (Newark)

| | |
|---|---|
| DAVID JONES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALDUTTI LAW GROUP<br><br>Defendant. | 1:20-CV-07421-JHR-AMD<br><br><br><br>**ANSWER &<br>SEPARATE DEFENSES** |

Defendant Saldutti Law Group ("Defendant") in answer to Plaintiff's Complaint ("Complaint") states as follows:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

2. Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

### JURISDICTION AND VENUE

3. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal

arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

4. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## NATURE OF THE ACTION

5. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

6. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## PARTIES

7. Defendant neither admits nor denies any factual allegations contained within this paragraph which makes allegations regarding Plaintiff's status and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

8. Admitted.

9. Admitted to the extent that Defendant is a law firm located in New Jersey which at times represents clients in the collection of debts owed by third parties to those clients. As to all other factual allegations contained within this paragraph, denied.

10. Defendant neither admits nor denies this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Pressler refers all questions of law to the Court.

## ALLEGATIONS OF FACT

11. Defendant repeats its responses contained in paragraphs 1-10 as if they were set forth at length.

12. Admitted.

13. Defendant neither admits nor denies this paragraph which makes allegations regarding Defendant's legal status and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Pressler refers all questions of law to the Court.

14. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

15. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

16. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

17. Admitted in part and denied in part. Admitted that Defendant is a law firm located in New Jersey and is engaged in the practice of law and has among its clients parties seeking to collect past due consumer accounts. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

18. Admitted to the extent the document annexed hereto as Exhibit A was mailed to Plaintiff. As to any characterizations of the contents of said document, the document speaks for itself.

19. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

20. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

21. Admitted to the extent the document annexed hereto as Exhibit A was mailed to Plaintiff. As to any characterizations of the contents of said document, the document speaks for itself.

22. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

23. Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

24. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

25. Defendant neither admits nor denies this paragraph which contains no factual allegations and consists solely of characterizations as to the meaning of certain federal statutes. Defendant refers all questions of law to the Court to be argued and decided at the appropriate time.

26. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

27. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal

arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

28. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

29. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## CLASS ALLEGATIONS

30. Defendant admits that Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP") but denies all other factual allegations contained within this paragraph. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refer all questions al law to the Court.

31. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

32. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable

individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

33. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

34. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

35. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

36. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

37. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

38. Admitted in part and denied in part. Defendant admits that Plaintiff is attempting to assert class claims on behalf of a class. Defendant denies that Plaintiff can assert a viable individual claim, let alone a class claim against Pressler and leaves Plaintiff to his burden of proof. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et. seq.

39. Defendant repeats its responses contained in paragraphs 1-38 as if they were set forth at length.

40. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

41. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs. As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

42. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs.  As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

43. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs.  As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et. seq.

44. Defendant repeats its responses contained in paragraphs 1-43 as if they were set forth at length.

45. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs.  As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

46. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs.  As to those allegations which contain legal arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

47. Defendant neither admits nor denies any factual allegations contained within this paragraph and leaves Plaintiff to his proofs.  As to those allegations which contain legal

arguments and call for determinations of law, they are denied as such and Defendant refers all questions of law to the Court.

**WHEREFORE,** Defendant, Saldutti Law Group, hereby requests dismissal of Plaintiff's Complaint with costs and attorney's fees as allowed under the Fair Debt Collection Practices Act 15 U.S.C. §1692k(a)(3) or otherwise by statute or rule of court.

## SEPARATE AFFIRMATIVE DEFENSES

1. Plaintiff fails to state facts sufficient to constitute a claim under State or Federal Statutory Law.

2. Plaintiff fails to state facts sufficient to constitute a claim for which relief may be sought.

3. Any damages allegedly sustained by Plaintiff was a result of actions by 3rd parties over whom Pressler had no dominion or control.  Without limitation see Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692(a)(6)(C).

4. The claims of Plaintiff or of individual members of the putative class relating to events prior to January 28, 2014 are barred by 15 U.S.C. §1692k(d), the one year statute of limitations as a matter of law under the FDCPA.

5. Defendant violated no duty owed to the Plaintiff or of individual members of the putative class.

6. Defendant reserves the right to amend this answering pleading following the receipt of discovery.

7. Defendant complied with all applicable statutes regarding the collection of the underlying debt.

8. By their own actions and otherwise Plaintiff or individual members of the putative class are not entitled to equitable relief.

9. The Complaint and/or claims of individual members of the putative class are barred by virtue of the Rooker-Feldman doctrine.

10. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of estoppel.

11. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of laches.

12. The Complaint and/or claims of individual members of the putative class are barred by virtue of the doctrine of res judicata.

13. Plaintiff failed to take the pre-requisite steps necessary to make a claim under the FDCPA, 15 U.S.C.A. §1692 et seq.

14. Defendant made no material misrepresentations to plaintiff or individual members of the putative class.

15. Plaintiff or individual members of the putative class did not rely on any representations made by Defendant.

16. To the extent Plaintiff or individual members of the putative class claim to or did in fact rely upon any representations by Defendant such reliance was unjustified.

17. Defendant denies the injuries and damages allegedly sustained by Plaintiff or individual members of the putative class resulted from any actions by Defendant.

18. The Complaint and/or the claims of the individual members of the putative class are barred because Plaintiffs and/or individual members of the putative class have not suffered any damages.

19. Plaintiff and/or individual members of the putative class have failed to exercise reasonable diligence to mitigate their alleged damages and/or injuries. To that extent, Plaintiff and/or the individual members of the putative class may not recover damages from Defendant.

20. If and to the extent Plaintiff and/or individual members of the putative class have suffered the damages alleged in the Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of their claimed damages.

21. The Complaint and/or claims of the individual members of the putative class are barred because the damages, if any, suffered by Plaintiff and/or individual members of the putative class were the direct and proximate result of third parties over whom Defendant exercised no control.

22. The Complaint and/or claims of the individual members of the putative class are barred as against Defendant because Defendant was not the legal or proximate cause of the damages, if any, suffered by Plaintiff and/or individual members of the putative class.

23. Plaintiff or individual members of the putative class are not entitled to punitive damages as a matter of law under the FDCPA, 15 U.S.C.A. §1692 et seq. or otherwise generally.

24. Plaintiffs and/or individual members of the putative class are not entitled to injunctive relief as a matter of law under the FDCPA, 15 U.S.C.A. §1692 et seq. or otherwise generally.

25. The Complaint does not describe the claims made against Defendant with sufficient particularity to enable it to determine what defenses may apply in response to Plaintiff's claims.

26.     In the event that Plaintiff or individual members of the putative class are able to adequately plead a violation of the FDCPA, their individual entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 209 Fed. Appx. 111 (3d Cir. 2006); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994).

27.     Defendant asserts on information and belief that Plaintiff's claims were brought in bad faith and for the purposes of harassment and Defendant requests an award of attorneys fees and costs pursuant to 15 U.S.C.A. §1962k(a)(3) and Sanctions pursuant to FRCP 11.

28.     The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action, fails to allege any claim that can be prosecuted as a class action, and otherwise fails to satisfy the requirements of class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29.     Plaintiff's class action claims fail because the questions of law and fact presented in the Complaint are not common to the putative class.

30.     Plaintiff's class action claims fail because each member of the putative class expressly waived any right to pursue claims on a class or representative basis.

31.     The Complaint and/or the claims of individual members of the putative class are barred because granting the relief sought would unjustly enrich Plaintiffs and/or the individual members of the putative class.

32.     Defendant alleges that there is presently insufficient knowledge or information upon which to form a belief as to whether there may have additional, as yet unstated, affirmative

defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or clarification of Plaintiff's claims indicate that same would be appropriate.

33. Discovery will disclose that the individually named plaintiff is not an adequate class representatives.

34. Plaintiff's class action claims fail because their individual claims are not common to the putative classes' claims and would therefore fail the commonality requisite for class certification.

35. Plaintiff's class action claims fail because their individual claims are atypical of the putative classes' claims and would fail the typicality requisite for class certification.

36. Plaintiff's class action claims fail because they lack requisite numerosity.

37. Plaintiff's class action claims fail because class treatment is grossly inferior to individual treatment in this case.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to Local Rule 8.1, Defendant demands that Plaintiff, within fourteen (14) days, furnish Defendant with a written statement detailing the amount of actual damages claimed as to his individual claims, as asserted in his prayer for relief, and the methodology in assessing such actual damages.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I, Robert L. Saldutti, Esq., the undersigned attorney of record for Defendant do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

SALDUTTI LAW GROUP

**/s/  Robert L. Saldutti**

_____
ROBERT L. SALDUTTI, ESQ.
Saldutti Law Group
800 Kings Hwy N., Suite 300
Cherry Hill, NJ 08034
Tel: 856-437-4015/Fax: 856-281-3778
toconnell@slgcollect.com
*Attorneys for Defendant Saldutti Law Group*

Dated:  August 21, 2020